IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILLENNIUM PIPELINE COMPANY, LLC, | ) |
| Plaintiff, | ) Civil Action No. 7:17-cv-6668 |
| v. | ) |
| | ) **COMPLAINT** |
| THE TRAVELERS INDEMNITY COMPANY and CINCINNATI CASUALTY COMPANY, | ) |
| Defendants. | ) |

Plaintiff Millennium Pipeline Company, LLC ("MPL"), for its complaint against Defendants The Travelers Indemnity Company ("Travelers") and Cincinnati Casualty Company ("Cincinnati"), allege the following:

**Introduction and Summary of Claim:**

1. MPL brings this suit seeking damages for breach of contract and a declaratory judgment, arising out of Travelers' and Cincinnati's wrongful failure to defend MPL in connection with an underlying lawsuit seeking damages for bodily injury, *Andrew Candela and Denise Candela v. Millennium Pipeline Company, LLC and The Pike Company, LLC,* Index No. 001384/2015, pending in the New York Supreme Court, Orange County (the "*Candela* Lawsuit"). MPL is an insured under commercial general liability insurance policies issued by Travelers to The Pike Company, Inc. (the "Travelers Policy") and issued by Cincinnati to Appellation Pre-Fab, LLC and others (the "Cincinnati Policy") (collectively, the "Policies"). As alleged below, the *Candela* Lawsuit is potentially covered under the Policies, and Travelers and Cincinnati are obligated to defend MPL in connection with the *Candela* Lawsuit, yet Travelers has ignored MPL's tender, and Cincinnati has disclaimed any duty to defend. Travelers and Cincinnati are therefore in breach of their contractual obligations, and MPL is entitled to an award of damages to compensate it for this breach, and a declaration that Travelers and Cincinnati are obligated to defend MPL in the *Candela* Lawsuit.

**Parties and Jurisdiction:**

2. MPL is a limited liability company whose principal place of business is located in Pearl River, Rockland County, New York. For purposes of federal jurisdiction, MPL is a citizen of Delaware, Michigan, New York and Texas, in that its three members are deemed to be citizens of those states. More specifically:

    a. One of MPL's three members is Columbia Gas Transmission, LLC. Columbia Gas Transmission, LLC's sole member is Columbia Pipeline Group Operating Company, LP. Columbia Pipeline Group Operating Company, LP in turn has four partners: (i) Columbia Energy Group, Inc., a corporation organized under the laws of the State of Delaware which has its principal place of business in Houston, Texas; (ii) Columbia Hardy Corporation, a corporation organized under the laws of the State of Delaware which has its principal place of business in Houston, Texas; (iii) Columbia Pipeline Partners, LP; and (iv) Columbia Pipeline Partners GP, LLC, a limited liability company whose sole member is Columbia Energy Group, Inc. Columbia Pipeline Partners LP in turn has two partners: (i) Columbia Pipeline Group, Inc., a corporation organized under the laws of the State of Delaware which has its principal place of business in Houston, Texas; and (ii) Columbia Pipeline Group Operating Company, LLC, whose sole member is Columbia Pipeline Partners LP. Accordingly, Columbia Gas Transmission, LLC is deemed to be a citizen of Delaware and Texas.

    b. The second of MPL's three members is National Grid Millennium, LLC, whose sole member is National Grid Development Holdings Corp., a corporation organized under the laws of the State of Delaware which has its principal place of business in Brooklyn, New York. Accordingly, National Grid Millennium, LLC is deemed to be a citizen of Delaware and New York.

    c. The third of MPL's three members is DTE Millennium Company, a corporation organized under the laws of the State of Michigan which has its principal

place of business in Detroit, Michigan, and which accordingly is deemed to be a citizen of Michigan.

3. Travelers is a corporation organized under the laws of the State of Connecticut which has its principal place of business in Hartford, Connecticut, and which accordingly is deemed to be a citizen of Connecticut.

4. Cincinnati is a corporation organized under the laws of the State of Ohio which has its principal place of business in Fairfield, Ohio, and which accordingly is deemed to be a citizen of Ohio.

5. This Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1332(a)(1), in that Plaintiff is a citizen of Delaware, Michigan, New York and Texas and Defendants are citizens of Connecticut and Ohio, and the amount in controversy exceeds the sum of $75,000 in amount and value, in that MPL has already expended in excess of $180,000 defending against the claims asserted in the *Candela* Lawsuit.

**Facts:**

**I.    The Policies:**

6. MPL operates a federally-certificated natural gas transmission pipeline through New York state. In connection with those pipeline operations, MPL operates and maintains natural gas compressor stations, including the Hancock Compressor Station in the Town of Hancock, Orange County, New York.

7. As part of MPL's operation and maintenance activities at the Hancock Compressor Station, MPL retained The Pike Company, Inc. ("Pike") for the provision of goods and services, pursuant to the terms of a General Services Agreement dated as of July 1, 2013 (the "GSA").

8. Pursuant to section 6 of the GSA and Exhibit D thereto, Pike was required to obtain commercial general liability insurance, and was required to obtain an endorsement

3

naming MPL as an additional insured, and providing that the insurance was primary and non-contributing with respect to any other insurance that might be available to MPL.

9. Pike obtained the Travelers Policy, Commercial General Liability policy number VTC2K-CO-8195A151-IND-13, covering the period from December 1, 2013 through December 1, 2014, with a limit of liability of up to $2,000,000 per occurrence.

10. The Travelers Policy provides, in relevant part:

> a. We will pay those sums that the insured becomes legally liable to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

New York Changes, Commercial General Liability Coverage Form, § A.1.a.

11. The Travelers Policy further provides, in relevant part:

> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" occurs during the policy period; and
>
> (3) Prior to the policy period, no insured . . . knew that the "bodily injury" or "property damage" had occurred, in whole or in part. . . . .

Commercial General Liability Coverage Form, § I.A.1.b.

12. The Travelers Policy's "coverage territory" is defined to include, among other locations, the United States. Commercial General Liability Coverage Form, § V.4.a.

13. The Travelers Policy defines "occurrence" to include, among other things, an "accident." Amendment of Occurrence Definition for Subcontracted Work Property Damage, § 1.a.

14. By endorsement issued on December 23, 2013, the Travelers Policy provides that it includes, as an "additional insured":

> any other person or organization, except any architect, engineer or surveyor, that you agree in a written contract with The Pike Company, Inc. to include as an additional insured on this Coverage Part, provided such written contract was signed and executed by you before, and is in effect when, the "bodily injury" or "property damage" occurs . . . .

Other Insurance – Designated Additional Insured, § A. This endorsement further provides that:

> The insurance provided by another endorsement to this Coverage Part to the additional insured designated above is primary to "other insurance" available to the additional insured which covers that person or organization as a named insured for such loss, and we will not share with that "other insurance." . . .

*Id.*, § B.

15. Further reflecting the intention that MPL is covered as an "insured" under the Travelers Policy is an endorsement providing that any notice of cancellation or non-renewal provided by Travelers must be sent to MPL. Designated Entity – Notice of Cancellation/Non-Renewal Provided by Us – New York.

16. Pike subcontracted with Appellation Pre-Fab, LLC ("APF") to perform mechanical and gas piping work on the Hancock Compressor Station pursuant to a Master Subcontract Agreement.

17. Pursuant to the Master Subcontract Agreement between Pike and APF, and a series of Work Orders, "Millennium Pipeline Company, LLC and Hancock Compressor Station shall be named as additional insured with respect to coverages in paragraph 6.1.C, 6.1.D & 6.1.E of Master Subcontract Agreement."

18. Section 6.1.C of the Master Subcontract Agreement in turn requires APF to procure general liability insurance and states that "[t]he required additional insureds shall be named including completed operations on a primary and non-contributory basis" and "a copy of the additional insured endorsement must be attached to Subcontractor's insurance certificate."

19. APF obtained the Cincinnati Policy, Commercial General Liability policy number CPP 105 88 29, covering the period from March 12, 2013 through December 1, 2014, with a limit of liability of up to $2,000,000 per occurrence.

20. The Cincinnati Policy provides, in relevant part, on information and belief:

    a.    We will pay those sums that the insured becomes legally liable to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

Commercial General Liability Coverage Form, § I.A.1.a.

21. The Cincinnati Policy further provides, in relevant part:

    b.    This insurance applies to "bodily injury" and "property damage" only if:

        (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2)    The "bodily injury" or "property damage" occurs during the policy period; and

        (3)    Prior to the "coverage term" in which "bodily injury" or "property damage" occurs, you did not know . . . that the "bodily injury" or "property damage" had occurred or begun to occur, in whole or in part. . . . .

Commercial General Liability Coverage Form, § I.A.1.b.

22. The Cincinnati Policy's "coverage territory" is defined to include, among other locations, the United States. Commercial General Liability Coverage Form, § V.6.a.

23. The Cincinnati Policy defines "occurrence" to include, among other things, an "accident." Commercial General Liability Coverage Form, § V.16.

24. By endorsement, the Cincinnati Policy provides that it includes as an "insured":

> Any person or organization described in Paragraph 9.a.(2). below (hereinafter referred to as additional insured) whom you are required to add as an additional insured under this Coverage Part by reason of:
>
> (a) A written contract or agreement . . . .

Contractors' Commercial General Liability Broadened Endorsement, § C.9.a.(1). This endorsement further provides, in Paragraph 9.a.(2), that it includes as an "insured":

> Any person or organization with whom you have agreed per Paragraph 9.a.(1) above to provide insurance, but only with respect to liability arising out of "your work" performed for that additional insured by you or on your behalf. . . .

*Id.*, § C.9.a.(2)(f).

25. "Your work" is defined, in turn, as:

> (1) Work or operations performed by you or on your behalf; and
>
> (2) Materials, parts or equipment furnished in connection with such work or operations . . .

and further "includes . . . [t]he providing of or failure to provide warnings or instructions." Commercial General Liability Coverage Form, § V.26.a, -b(2).

26. The Cincinnati Policy further provides that:

> Where required by a written contract or agreement, this insurance is primary and / or non-contributory as respects any other insurance policy issued to the additional insured, and such other insurance policy shall be excess and / or non-contributory, whichever applies, with this insurance.

Contractors' Commercial General Liability Broadened Endorsement, § C.9.c.(1)(a).

7

## II. The *Candela* Lawsuit:

27. On February 26, 2015, Andrew Candela and Denise Candela filed a complaint against MPL and Pike in the Supreme Court of the State of New York for Orange County, docketed at index number 2015 001384. On February 11, 2016, Mr. and Mrs. Candela filed an Amended Complaint, restating their allegations against MPL and Pike.

28. The Amended Complaint alleges that, on February 23, 2014, Andrew Candela, while working at the Hancock Compressor Station, "was caused to be precipitated to the ground thereby causing him to sustain severe and serious personal injuries," in that:

> [W]hile walking through the "compressor building" at the aforesaid premises during the normal scope of his employment the plaintiff, ANDREW CANDELA tripped, fell and was injured due to a combination of factors, including, but not limited to, the muddy and damp conditions of the floor, the presence of ice particles on the floor, the cardboard debris on the floor or over a part of wire or cable, and the wire or cable itself.

Amended Complaint, ¶ 20.

29. The Amended Complaint further alleges that:

> The negligent, wanton, reckless and careless acts of the defendants, their agents servants and/or employees caused the accident and resultant injuries.

*Id.* ¶ 21.

30. The Amended Complaint further alleges that:

> [B]y reason of the foregoing, the plaintiff, ANDREW CANDELA, was caused to sustain severe and serious personal injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effect of pain, disability, disfigurement and loss of body function. Further, the plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from his normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

*Id.* ¶ 25.

31. The Amended Complaint further alleges that:

> [T]he defendants, their agents, servants and/or employees failed to properly construct equip, arrange, operate and conduct the workplace, so as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places including the plaintiff herein.

*Id.* ¶¶ 29, 36.

32. The Amended Complaint further alleges that "as a result of the aforementioned, plaintiff DENISE CANDELA has been deprived of the services, society, companionship and consortium of her husband." *Id.* ¶¶ 29, 36.

33. Accordingly, Mr. and Mrs. Candela seek monetary damages. *See id.* ¶¶ 26, 33, 39, 43 & prayer for relief.

34. On August 17, 2016, Pike filed a Third-Party Complaint against APF, alleging the following:

> FIFTEENTH: That at or about the same time and place mentioned in the Complaint of the plaintiff, the third-party defendant, "APPELLATION", by act or omission violated the legal duty to exercise due care to prevent harm to the plaintiff.
>
> . . . .
>
> SEVENTEENTH: That the place of the occurrence complained of by the plaintiff herein was under the control of the third-party defendant, "APPELLATION", in the performances of certain services therein as stated in the . . . agreement [between Pike and APF].
>
> EIGHTEENTH: That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint through any carelessness, recklessness and negligence . . . other than the plaintiff's own carelessness, recklessness and negligence . . . said damages were sustained by the carelessness, recklessness and negligence and/or acts of omissions or commission . . . by the third-party defendant, "APPELLATION", its agents, servants and/or employees . . . .

9

**III. Travelers' and Cincinnati's Failure to Defend MPL:**

35. On March 26, 2015, pursuant to the GSA, MPL's claim administrator sent a letter to Pike tendering defense of the lawsuit to Pike and its insurer and demanding indemnity from Pike and from its insurer (given MPL's status as an additional insured under Pike's policy).

36. Neither Pike nor Travelers responded to the March 26, 2015 letter.

37. On November 6, 2015, MPL's claim administrator sent a second letter to Pike tendering defense of the lawsuit to Pike and its insurer and demanding indemnity from Pike and from its insurer (given MPL's status as an additional insured under Pike's policy).

38. Neither Pike nor Travelers responded to the November 6, 2015 letter.

39. On April 18, 2016, MPL's outside counsel sent a letter directly to Travelers tendering defense of the lawsuit.

40. Travelers did not respond to the April 18, 2016 letter.

41. On September 28, 2016, MPL's claim administrator sent a letter to APF tendering defense of the lawsuit to APF and its insurer and demanding indemnity from APF and from its insurer (given MPL's status as an additional insured under APF's policy).

42. On October 11, 2016, Cincinnati sent a letter disclaiming any duty to defend Pike or MPL in connection with the *Candela* Lawsuit.

**COUNT ONE – Breach of Contract:**

43. MPL incorporates Paragraphs 1-42 above as if fully set forth herein.

44. The *Candela* Lawsuit is a "suit," as that term is used in the Policies.

45. The pleadings in the *Candela* Lawsuit seek to hold MPL legally liable for "bodily injury" allegedly suffered by Mr. Candela, as that term is used in the Policies.

46. The "bodily injury" allegedly suffered by Mr. Candela is alleged to have been caused by an "accident," and hence by an "occurrence," as that term is used in the Policies.

47. The "bodily injury" allegedly suffered by Mr. Candela is alleged to have taken place within the "coverage territory" of the Policies.

48. The "bodily injury" allegedly suffered by Mr. Candela is alleged to have taken place wholly during the respective policy periods of the two Policies.

49. Pike agreed in a written contract, signed and executed before Mr. Candela suffered the injuries he alleges, to include MPL as an additional insured under the Travelers Policy, and MPL therefore is an "insured" under the Travelers Policy with respect to the *Candela* Lawsuit.

50. APF agreed in a written contract to include MPL as an additional insured under the Cincinnati Policy, and MPL's alleged liability is alleged to have arisen in whole or in part out of work performed by or behalf of APF, and MPL therefore is an "insured" under the Cincinnati Policy with respect to the *Candela* Lawsuit.

51. Any conditions precedent to MPL's coverage under the Policies have occurred or have been satisfied, waived, or excused. In the alternative, Travelers and Cincinnati have incurred no prejudice resulting from any non-compliance with, or non-occurrence of, any conditions in the Policies, or have waived or are estopped from asserting any such non-compliance as a ground for denying MPL's claims for coverage.

52. Nonetheless, in breach of the Policies, Travelers and Cincinnati have failed to defend MPL in connection with the *Candela* Lawsuit.

53. As a result of Travelers' and Cincinnati's breaches of their insurance contracts, MPL has incurred damages. In particular, but without limitation, MPL has had to pay in excess of $180,000 in reasonable costs of defense that should have been covered by Travelers and Cincinnati.

**COUNT TWO – Declaratory Judgment:**

54. MPL incorporates Paragraphs 1-53 above as if fully set forth herein.

55. There exist actual controversies between MPL and Travelers and Cincinnati over the existence and scope of Travelers' and Cincinnati's duties to defend and indemnify MPL in connection with the *Candela* Lawsuit.

56. As a result of these controversies, MPL faces substantial uncertainty in determining its coverage and recovery under the Policies with respect to the *Candela* Lawsuit.

57. This Court has the power to render declaratory relief pursuant to 28 U.S.C. § 2201.

58. Declaratory relief will terminate some or all of the parties' disputes and controversies, and is necessary to determine the parties' rights and duties under the Policies.

**PRAYER FOR RELIEF:**

**WHEREFORE,** MPL requests a judgment (i) for all of its damages in an amount to be proven at trial; (ii) declaring that Travelers and Cincinnati are obligated to defend and indemnify MPL in connection with the *Candela* Lawsuit, and otherwise declaring the parties' rights and obligations under the Policies; (iii) awarding MPL its costs; and (iv) for all other relief deemed appropriate by the Court.

Dated: September 1, 2017
New York, New York

          **MCGUIREWOODS LLP**

By:   */s/ Philip Goldstein*
      Philip Goldstein
      1345 Avenue of the Americas, 7th Floor
      New York, New York 10105
      Phone: (212) 548-7012
      Fax: (212) 715-2315
      pgoldstein@mcguirewoods.com

      **Of counsel:**

      Paul K. Stockman
        (request for admission *pro hac vice* to be filed)
      625 Liberty Avenue, Suite 2300
      Pittsburgh, PA 15222
      Phone: (412) 667-7945
      Fax: (412) 667-7975
      pstockman@mcguirewoods.com

      *Counsel for Plaintiff Millennium Pipeline Company, LLC*